IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MELVIN AVON THOMAS, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CALEB KRAMER, *et al.*, ) <br>     Defendants. ) | Civil Action No. 7:20-cv-00515 <br><br> By: Elizabeth K. Dillon <br>     United States District Judge |

## MEMORANDUM OPINION

Melvin Avon Thomas, a Virginia inmate proceeding *pro se*, filed a complaint in this action on a form used for filing cases under 42 U.S.C. § 1983, and it has been docketed as a § 1983 case. In it, Thomas asserts claims arising from criminal proceedings against him in the Augusta County Circuit Court. He names two individuals as defendants: Caleb Kramer, who is an assistant commonwealth's attorney, and William Chapman Goodwin, who is the chief judge of the Augusta County Circuit Court.[1] (Compl. 1, Dkt. No. 1.)

Thomas asserts two claims, which he describes as follows:

> Claim 1: Plaintiff was denied the statutory right to be offered a trial within the speedy trial state of Virginia.
>
> Claim 2: Plaintiff was denied the statutory right to be forever discharged from prosecution for the charged offenses by Virginia statute.

(Compl. 2.) For relief, all he requests is $200,000 in "punitive damages."

In his supporting facts, Thomas explains that, in the underlying criminal case, his attorney sought the dismissal of the original indictments against Thomas as violative of his speedy trial rights. The circuit court ultimately denied that motion. Instead, the court granted the request of the Commonwealth Attorney to *nolle pros* the original indictments, over Thomas's

---

[1] Thomas does not describe the defendants by position, but publicly available records indicate that those are their respective positions.

objections.[2] Thomas asserts that, on the same date, he was charged "with one additional indictment from May 26, 2020, for conspiracy to commit the same crime that he was not offered a trial within the statute." (Compl. ¶ 7.)

In his complaint here, Thomas argues that the *nolle prosequi* was "used as an unconstitutional weapon of prosecu[torial] misconduct" to deny Thomas his right to be forever discharged from prosecution as a result of the speedy trial violation. (*Id.* ¶ 9.) He also complains that the *nolle prosequi* did not terminate the criminal prosecution nor wipe the slate clean, as if the charges had never existed, because the additional indictment did not supplant the original indictments. (*Id.* ¶ 10.) He further alleges, in conclusory fashion, that the defendants "conspired" to deny his rights pursuant to the Virginia statute, and the U.S. and Virginia constitutions.[3] (*Id.* ¶ 11.) Effectively, he is claiming that the decision to allow a *nolle prosequi* of the original indictments was erroneous and that he should not be subject to prosecution. The case has been conditionally filed.

## I. DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon doing so, the court is required to dismiss the complaint, or any portion of it, if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous, fails to

---

[2] In Virginia, a *nolle prosequi* "is a discontinuance which discharges the accused from liability on the indictment to which the *nolle prosequi* is entered." *Harris v. Commonwealth*, 520 S.E.2d 825, 830 (Va. 1999) (citation omitted). Once the motion is granted (and assuming the defendant is not subject to other or new charges), then he is "released from custody or the terms of his bond and is at liberty. . . . [T]he defendant no longer suffers the consequences of being under indictment." *Id.*

[3] Thomas does not identify what amendment of either constitution he believes this conduct violated, but as to his federal claim, the court presumes that he is alleging a violation of his Sixth Amendment right to a speedy trial.

state a claim on which relief may be granted, or seeks relief from an immune defendant). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards here, the court concludes that Thomas's claims, if brought under § 1983, are subject to dismissal because both defendants are entitled to absolute immunity.

**A.  Proper Construction of Thomas's Complaint**

As an initial matter, it is unclear whether Thomas's challenges are properly brought pursuant to § 1983 or instead should be raised in a habeas petition. Some courts have addressed similar challenges (albeit not seeking damages) pursuant to 28 U.S.C. § 2254 or on direct criminal appeal, but only after the petitioner has been convicted of the subsequent charges. *See Uzzle v. Fleming*, No. 1:16cv473 (JCC/IDD), 2017 WL 3498490, at *6–7 (E.D. Va. Aug. 15, 2017) (addressing similar claim in context of 28 U.S.C. § 2254 habeas petition after petitioner was convicted on subsequent indictment); *see also Harris v. Commonwealth*, 520 S.E.2d 825 (Va. 1999) (addressing nearly identical factual situation on direct appeal, after defendant was convicted and sentenced on the subsequent indictment).

Relief could not be granted to Thomas under § 2254 at this time, however, because that provision allows challenges by a petitioner who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a)–(b). No judgment has been entered against Thomas in the proceedings he challenges. Indeed, a review of the state court records in his cases reflects that he has not yet been convicted or sentenced on any of the newer charges, all of which are set for a

trial in mid-October.[4] And obviously, he has not been convicted on the charges that were *nolle prossed*.

Although § 2254 is unavailable at this time to Thomas, the Fourth Circuit has recognized that a pretrial detainee can seek federal habeas corpus relief under 28 U.S.C. § 2241 before the entry of a final court judgment against him. *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) ("Pretrial petitions for habeas corpus are properly brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered against him and regardless of the present status of the case pending against him . . . .") (citation omitted); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (holding same as to pretrial detainee of a state). In *Dickerson*, the court noted a distinction (also recognized by other federal courts of appeal, as discussed therein) between speedy trial claims attempting to dismiss an indictment or prevent a prosecution and claims attempting to force the state to go to trial. Only the latter is appropriate for pretrial resolution. The *Dickerson* court summarized the rule as follows: "pre-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." 816 F.2d at 226. Thus, under the reasoning of *Dickerson*, Thomas's argument—which appears to be that he should not be prosecuted at all—would not be available via pretrial habeas.[5]

In any event, exhaustion of claims on the merits in state court is generally required before filing under § 2241, *Dickerson*, 816 F.2d at 229, which has not yet occurred here. *See also*

---

[4] The court takes judicial notice of Thomas's state court proceedings in Augusta County Circuit Court, the first three of which were *nolle prossed* and the other four of which are listed as active with an October 16, 2020 trial date: CR19000707-00, CR19000707-01, CR20000039-00, CR20000216, CR 20000335-001, CR20000335-002, and CR 20000335-003. *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

[5] As noted, though, Thomas seeks only damages and not injunctive relief; he does not ask that this court enjoin the state prosecution.

*McFadden v. Simon Major*, No. CA 3:10-68-RBH-JRM, 2010 WL 1542531, at *2 (D.S.C. Feb. 23, 2010), *report and recommendation adopted sub nom. McFadden v. Major*, No. CIVA3:10-68-RBH, 2010 WL 1542544 (D.S.C. Apr. 15, 2010) (collecting cases requiring exhaustion for pretrial habeas claims brought under § 2241).

The exhaustion requirement is closely related to the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Thomas v. Clarke*, No. 2:17CV209, 2017 WL 7167101, at *3 (E.D. Va. Dec. 21, 2017), *report and recommendation adopted,* No. 2:17CV209, 2018 WL 627387 (E.D. Va. Jan. 30, 2018) (explaining that even if the claims of the pretrial detainee plaintiff were cognizable under § 2241, they would be subject to dismissal because of "two related and overlapping grounds": *Younger* abstention and petitioner's failure to exhaust). *Younger* requires a federal court to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citation omitted). There are exceptions, for "extraordinary circumstances," which have been found mostly in cases involving double jeopardy claims. *See McFadden* , No. 3:10-68-RBH-JRM, 2010 WL 1542531, at *3 (D.S.C. Feb. 23, 2010) (collecting authority).

Although some pretrial habeas claims can proceed without exhaustion, then that requires extraordinary or special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (requiring special circumstances to allow pretrial, unexhausted challenges in habeas); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (explaining a federal court should not exercise habeas "jurisdiction without exhaustion . . . at the pre-trial stage unless extraordinary circumstances are present"; otherwise, the petitioner must exhaust state remedies

5

and make a special showing of the need for adjudication before trial). Nothing in Thomas's complaint suggests that there are extraordinary or special circumstances in his case that would allow him to assert his claims without first exhausting them in state court.

Accordingly, to the extent that his complaint is properly construed as a habeas petition pursuant to § 2241, it would be subject to dismissal without prejudice for failure to exhaust his state court remedies and also because of *Younger*. Thomas must first exhaust his claim by raising it before the Supreme Court of Virginia, in either a direct appeal or in a habeas petition, before seeking federal habeas relief.

**B.      Thomas's § 1983 Claims**

Rather than construe his complaint as a § 2241 petition, then, and because Thomas seeks only damages and filed his complaint using a § 1983 form, the court will analyze Thomas's complaint as asserting § 1983 claims against both defendants. So construed, his claims fail because he seeks damages against two defendants who are entitled to absolute immunity as to the asserted claims. Specifically, Judge Goodwin is entitled to judicial immunity for the actions challenged here, and the prosecutor, defendant Kramer, is entitled to prosecutorial immunity.

Judicial immunity clothes judges with absolute immunity from liability in damages for their judicial or adjudicatory acts. *Forrester v. White*, 484 U.S. 219, 225–26 (1988). Judicial immunity is an absolute defense, not merely to liability or damages, but a defense to suit under 42 U.S.C. § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

There are two possible exceptions to judicial immunity. Specifically, it does not shield a judge for (1) non-judicial acts; or (2) acts taken in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Neither exception applies here. As to the first, the actions taken by Judge Goodwin here were judicial acts, so that exception does not apply. Indeed, the granting of a motion to *nolle pros* charges and the denial of a motion to dismiss on speedy trial

6

grounds clearly are judicial acts because each is "a function normally performed by a judge" and Thomas "dealt with the judge in his [or her] judicial capacity." *Mireles*, 502 U.S. at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 360 (1978) as identifying these two factors used to determine whether an act is a judicial one). Thomas does not allege that Judge Goodwin lacked jurisdiction to rule, either, so the second exception does not apply. Accordingly, Judge Goodwin is entitled to judicial immunity, and the claims for damages against him fail.

Similarly, defendant Kramer is entitled to prosecutorial immunity. This immunity protects "'the vigorous and fearless performance of the prosecutor's duty' that is so essential to a fair, impartial criminal justice system." *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir.), *cert. denied,* 139 S. Ct. 490 (2018) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976)). "As representatives of the people, prosecutors have a responsibility to enforce the laws evenhandedly and to exercise independent judgment in seeking justice." *Id.* (citing *Imbler*, 424 U.S. at 423–24). "The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages." *Id.* (quoting *Imbler*, 424 U.S. at 424–25).

Absolute prosecutorial immunity—as opposed to qualified immunity—attaches only to actions "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430–31; *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). To determine whether a particular act is "intimately associated with the judicial phase," the court employs a functional approach, looking at "the nature of the function performed," without regard to "the identity of the actor who performed it," "the harm that the conduct may have caused," or even "the question whether it was lawful." *Buckley*, 509 U.S. at 269.

Here, that functional approach easily leads to the conclusion that defendant Kramer is entitled to absolute prosecutorial immunity. The actions alleged by Thomas—Kramer's asking

7

for a *nolle prosequi* of certain indictments and deciding whether to bring a subsequent indictment against Thomas—both are functions that are at the heart of the prosecutor's role as an advocate and "intimately associated with the judicial phase," as opposed to investigative or administrative functions. *See Nero*, 890 F.3d at 118 (listing functions the Supreme Court has held are advocative and entitled to absolute immunity and functions the Court has held are investigative or administrative). Accordingly, Kramer also is entitled to immunity from Thomas's claims.

## II. CONCLUSION

For the foregoing reasons, Thomas's § 1983 claims will be dismissed as against these two defendants, both of whom are entitled to absolute immunity for the actions Thomas challenges. To the extent his complaint asserts any claims that sound in habeas, the court declines to construe it as a habeas petition under § 2241 because Thomas has not yet exhausted his state court remedies. The court's ruling does not preclude Thomas from challenging any subsequent conviction on the grounds he raises in his complaint, either on direct appeal, or in a state or federal habeas proceeding.

Entered: September 25, 2020.

/s/ *Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge

8